Judge Rowan
delivered the opinion of the court.
Triplett and Crutcher were patentees of 10,000 acres of land in Kentucky. Triplett conveyed this land to Lewis for himself and for Crutcher as his agent; taking the bond of Lewis for l83 6s 8d. the half of the price thereof, payable to himself, as the agent of Crutcher, dated July, 1795: Crutcher contracted with Sneed and Voorhies to investigate his land claims in Kentucky; he being a resident of Georgia, and in the year 1809 conveyed one half of this tract to Voorhies; Voorhies filed his bill against Forman for partition; and Forman filed his bill against Voorhies and Sneed, to obtain a release of their title. Forman alledges that Triplett was duly authorised by Crutcher to sell and convey the land; that Triplett is dead, and the power of attorney cannot be found; he supposes it was burned with the other papers of the clerk’s office of the county of Fayette; he exhibits a receipt by Crutcher for the consideration money in *70 the following words, viz: “Received of Messrs. Alexander and James Parker, on behalf of George Lewis, of Mason county, commonwealth of Kentucky, the sum of eighty six pounds eight shillings and ten pence half penny, it being in full for a bond and interest, given by said Lewis to William Triplett, for a tract of land, the property of the said Triplett and myself, containing ten thousand acres on the north fork of Licking, sold and conveyed to said Lewis. H. Crutcher—Attest, Wm. Parker;” alledges a conspiracy between Crutcher, Sneed and Voorhies, to defraud him. Sneed, Voorhies and Crutcher, respectively deny, in their answers, the allegations of the bill. Crutcher denies that Triplett was ever empowered by him to sell and convey the land: He denies that he ever received the money or executed the receipt, which purports to have been executed by him for the receipt thereof.
A sale of lands made by an agent, will be presumed to have been made under a power which is lost, from the principal receiving the purchase money, from long acquiescence, and by verbal admissions of the sale.
The court below decreed that the suit of Voorhies against Forman should be dismissed with costs, and, in this suit of Forman against Crutcher, Voorhies and Sneed, that Voorhies should release to complainant whatever title they had to the land in question, and that defendants should pay costs; to reverse which decree the case is brought to this court.
There is no proof whatever of a power of attorney from Crutcher to Triplett to sell the land. It might, however, if it were necessary under the circumstances of this case, be presumed to have existed and to have been lost. The subscribing witness to the receipt of William Parker, is dead—Triplett is dead—fourteen years between the sale and the institution of the suit, or near that time, had elapsed—Crutcher is proved to have been several times in Kentucky, in the intermediate period, at no one of which times is he proved to have asserted any claim to the land, or to have expressed any dissatisfaction at the sale thereof by Triplett. The lands in this state have, during that time, in a great degree, exchanged their wild for a cultured aspect, and have been thereby greatly enhanced in value. When, to his acquiescence during all this time, is added, the best evidence of which the matter is susceptible, that he received the consideration money for his moiety of the tract, and expressed no dissatisfaction therewith, we could have no hesitation in presuming the existence and loss of the power of attorney. The hand writing of the subscribing witness to the receipt, is abundantly proven: The hand writing of Crutcher thereto is also proved to some extent: The proof *71 that he recognized the sale and receipt of the money from Lewis, with approbation, is positive from the mouth of James, with whom he conversed on that subject: The testimony of James is corroborated and supported by the testimony of sundry witnesses.
Bibb for plaintiff, Pope for defendant in error.
The decree of the court below, predicated upon his ratification of the sale, must be affirmed with costs.